# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DR. ANDREW K. FOX,** *Plaintiff* § § § | |
| **v.** § § § | **Case No. 1:22-CV-00835-DAE** |
| **CITY OF AUSTIN and JOEL G. BAKER, in his individual capacity,** *Defendants* § § § § | |

## ORDER

Now before the Court are Defendant City of Austin's Opposed Motion for Protection from Plaintiff's Rule 30(b)(6) Deposition Notice, filed August 11, 2023 (Dkt. 31); Plaintiff's Motion to Compel Discovery, filed August 29, 2023 (Dkt. 34); the associated response and reply briefs; and the Joint Advisory to the Court, filed September 13, 2023 (Dkt. 40).[1] The Court held a hearing on the motions at which all parties were represented by counsel on September 15, 2023. This Magistrate Judge has considered the evidence and arguments of counsel presented at the hearing and the record as a whole.

## I.  Background

Plaintiff Dr. Andrew K. Fox brings this action against the City of Austin and Fire Chief Joel Baker in his individual capacity under 42 U.S.C. § 1983, alleging First Amendment claims for retaliation, viewpoint discrimination and compelled speech, and free exercise of religion, as well as violations of the Texas Constitution and Texas Religious Freedom Restoration Act. First Amended Complaint, Dkt. 14. Fox alleges that he was dismissed as a volunteer chaplain with the

---

[1] By Text Orders entered August 14, 2023 and August 30, 2023, the District Court referred the motions to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

Austin Fire Department ("AFD") after members of the department complained about posts on his personal blog concerning men competing against women in sports. *Id*. Fox "contends that Defendants discriminated against him based on the viewpoint expressed in his blog—that it is unfair for biological males who identify as female to compete in women's sports—which, according to the Fire Department's LGBT liaison, was perceived as anti-LGBT." Dkt. 34 at 3.

The City moves the Court for protection from several topics in Fox's Rule 30(b)(6) deposition notice. Fox moves to compel the City to respond to certain of his interrogatories, requests for admission, and requests for production. The Court commends the parties for narrowing their dispute and addresses the remaining issues identified in the parties' Joint Advisory. Dkt. 40.

## II.  Legal Standards

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)). A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

### III.     Analysis

The Court addresses the parties' motions in turn.

**A. The City's Motion for Protection from Plaintiff's Rule 30(b)(6) Deposition Notice**

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A trial court has wide discretion to determine whether to grant a motion for protective order. *BDO USA*, 876 F.3d at 698.

The City seeks protection from eight topics identified in Fox's 30(b)(6) deposition notice.

**1.  Topic 3**

> Whether any adverse employment/volunteer action has been taken by the City since January 1, 2020, in response to behavior, comments, or actions that were not violations of AFD policy.

Fox argues that this deposition topic is necessary to locate comparators to show viewpoint discrimination. Dkt. 32 at 4. The City agrees to provide a witness on this topic if limited to volunteers. Dkt. 40 at 2. But as to AFD employees, the City contends that this topic will not discover situations comparable to Fox's, and because it is written in the negative, it would require review of every adverse action taken by AFD for more than three years.

> How the City handled this broad range of personnel investigations of employees and sworn firefighters subject to a plethora of civil service rules, procedures, and policies will not be helpful to assist Plaintiff, a volunteer who was not handled under the civil service process. And it is certainly not proportionate to the needs this case to delve into this wide range of matters.

3

Dkt. 33 at 3. Fox cites no authority that AFD employees would be proper comparators to a volunteer.

The Court finds that it would be irrelevant and disproportionate to the needs of this case to require AFD to present a representative to testify on adverse actions against employees and **GRANTS** the City's motion for a protective order as to "any adverse employment action."

### 2. Topic 4(b)

As reworded by Fox, this topic requests testimony on:

> Details on the incident mentioned by [AFD Lieutenant] Xochitl Chafino in her deposition relating to a Pride flag being raised at a station and/or on a fire engine where another shift took the flag down (Chafino Depo Transcript 15:4-13).

Dkt. 40 at 3. The Court finds that this topic appears irrelevant to Fox's claims for the same reasons as Topic 3. The Court also agrees the City has shown that, to the extent this topic may be relevant to Fox's claims, it is more appropriate for individual depositions because it resulted in no disciplinary action. The Court **GRANTS** the City's motion for a protective order as to testimony on this topic by an AFD representative.

### 3. Topics 7, 8, 9, and 14

> 7. The City's reasons for dismissing Plaintiff from his position as Lead Chaplain of the Austin Fire Department.
>
> 8. What alternative disciplinary actions the City considered using in connection with Dr. Fox's speech on his Willy Woke blog series and/or in connection with any other reasons listed in Topic 7.
>
> 9. Any disruption to AFD observed by the City due to Plaintiff's speech on his Willy Woke blog series and/or any other reasons identified by Defendants in response to Topic 7.
>
> 14. What revisions the City asked Plaintiff to include in his revised apology letter draft and what contents of Plaintiff's apology letter would have been acceptable to the City and avoided his dismissal.

4

The City objects that the decisionmaker in this case, Fire Chief Baker, already has given "extensive" testimony on these topics at deposition in his personal capacity. Dkt. 31 at 8. The City also argues that "Plaintiff asked many questions related to these topics in the deposition of Chief of Staff [Rob] Vires and the other six depositions he has already conducted." *Id.* Fox responds that "the City's position on various topics is relevant here because the City is a defendant." Dkt. 32 at 7.

This Courts has recognized that a second deposition is not improper when a witness is deposed first in an individual capacity and then in a representative capacity. *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (collecting cases). Accordingly, the Court **DENIES** the City's motion for a protective order as to topics 7, 8, 9, and 14.

During the hearing, the City agreed to stipulate that the deposition testimony Baker has already given in his individual capacity on these topics could serve as testimony on the City's behalf under Rule 30(b)(6), but Fox declined. In the interest of avoiding discovery that is "unreasonably cumulative or duplicative" under Rule 26(b)(2)(C)(i), the Court encourages Fox to reconsider before the Rule 30(b)(6) deposition whether it can agree with the City to stipulate that any portions of testimony by Baker, the decisionmaker, on these topics can also serve as testimony by the City.

**4. Topics 11 and 12**

> 11. Concerns relayed by AFD personnel to AFD management during regular station visits since January 1, 2021 relating to expressive activities by AFD personnel, and actions taken in response thereto. For this Topic, AFD management includes the Fire Chief, Assistant Director, Assistant Chiefs, and anyone else who participated in the biweekly Wednesday station visits. For this topic, "action" includes but is not limited to investigations, requests for apology letters, verbal warnings/reprimands, meetings, discipline, and policy or organizational changes.

> 12. Any disruption to AFD observed by the AFD management related to any spoken, written, or electronic communications or any expressive acts or activities engaged in by any AFD personnel since January 1, 2018.

The parties state that the dispute for both of these topics centers on "the proportionality, relevance, and burdensome nature of the topic." Dkt. 40 at 4. The City contends that both are overbroad, and for Topic 11, "it will be nearly impossible to prepare a representative to testify about casual concerns that have been relayed to numerous individuals over the course of three years." *Id.* Fox contends that both topics are relevant to viewpoint discrimination, and as to Topic 11, "it is possible for the City to make a good-faith effort to prepare a witness even if some information is lost to memory." The Court **GRANTS** the City's motion as to both of these topics, which are overbroad, vague, and not proportional to the needs of this case.

**B. Fox's Motion to Compel**

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests on the party resisting discovery to substantiate its objections. *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020).

   **1. Request for Admission No. 9 and Interrogatory No. 7**

> Request for Admission No. 9: Admit that no AFD member, whether an employee or otherwise, has ever been formally or informally disciplined for expressing pro-LGBT messages. For purposes of this request, "informal discipline" includes, but is not limited to, receiving oral reprimands from a supervisor or being referred to voluntary mediation."
>
> Interrogatory No. 7: Explain the basis for your response to Request for Admission 9.

This dispute centers on the phrase "pro-LGBT messages." Dkt. 40 at 5. Fox "contends the phrase is a plain-language term that captures the kinds of messages that would be relevant to his viewpoint discrimination and retaliation claims." Dkt. 40 at 5. The City contends that the phrase is too broad and subjective to allow for a response, and that: "Frankly, 'pro' and 'anti' LGBT are not terms or concepts AFD ever used to rate or characterize complaints, investigations, and disciplinary actions against its employees." Dkt. 39 at 2. The Court agrees that the burden of requiring the City to provide a comprehensive response to Request for Admission No. 9 outweighs its likely benefit and therefore **DENIES** Fox's motion to compel as to this request and Interrogatory No. 7.

### 2. Interrogatory No. 12 and Request for Production No. 42

> Interrogatory No. 12: Do you contend Dr. Fox was dismissed from AFD solely for the content of the "Competitive Bosh" blog post? If not, detail the reasons why Dr. Fox was dismissed from AFD and the material facts supporting each such reason.
>
> Request for Production No. 42: Please provide all documents mentioned in response to Interrogatory 12.

Subject to objections, the City responded, in relevant part:

> Defendants do not contend that Dr. Fox was released as a volunteer chaplain solely for the content of the "Competitive Bosh" blog post. Dr. Fox was released as a chaplain because he was no longer able to effectively fulfill the role of a chaplain for a public safety department and because his actions caused a disruption at AFD, as detailed extensively in Chief Joel Baker's deposition testimony.

Dkt. 39 at 4. The response mentioned no documents. The City also gave lengthy responses to two additional contention interrogatories from Fox about the City's answer to Interrogatory No. 12. Interrogatory No. 14 requested material facts supporting the City's contention that Fox was "no longer able to effectively fulfill the role of a chaplain for a public safety department." Dkt. 39-1 at 4. The City responded, in part:

7

> As Chief Baker already explained in his deposition, in his view Plaintiff was no longer able to counsel and relate to all members of AFD, as many members felt targeted by his blog post. For the program to work, a chaplain must be able to befriend and relate to all members of the department. Members who were put off by Plaintiff may feel reservation going to see Plaintiff for counseling or using the chaplain program as a whole, a concern that was confirmed for Chief Baker from AFD member feedback. Plaintiff was no longer able to attend ceremonial events such as funerals, as he relished his role as a figure in the department who enjoyed publicly cultivating controversy and discord rather than promoting unity among AFD personnel. Members of the department expressed they did not want to be around Plaintiff, whose attendance at ceremonial events at AFD required members to interact with him in order for the program to work. For Plaintiff to show up at AFD emergency scenes could cause a disruption and distraction given how many members felt about him and due to his behavior towards members, including Xochitl Chafino. Additionally, given that attendance at emergency scenes and at ceremonial events are necessarily public, Plaintiff's presence could have interfered with the provision of services, if members of the community, familiar with his public blog and antagonistic approach, believed AFD would not equally and safely serve them. . . .

*Id.* at 5. Interrogatory No. 15 requested material facts supporting the City's contention that Fox's "actions caused a disruption at AFD." *Id.* The City responded, in part:

> Plaintiff's public blog post, and his very public promotion of the blog post, invited readers (presumably including AFD members who might be in need of services) to "cancel" him, "stay" friends with him, have a "hissy fit" or be "triggered". Intentionally generating this sort of thing worked against what AFD needed to promote broader use of its chaplain program. Plaintiff's behavior towards AFD members, including Xochitl Chafino, and his behavior after complaints about the blog were raised to him by the Department, caused a disruption among personnel at AFD. This is in addition to the potential disruption his actions had the potential to cause. These actions caused or could have caused disruption by making AFD members and employees feel uncomfortable or unwelcome seeking counseling from Plaintiff or from the Chaplain program as a whole, preventing the use of Plaintiff in AFD ceremonial events, sowing discord and such about the Plaintiff and his blog among AFD members and employees, by potentially creating difficulty for AFD in recruiting new cadets and firefighters, by potentially interfering with emergency scene operations if Plaintiff responded to a scene, and by potentially creating a

> perception among the public that AFD had no interest in serving all the members of the community. . . .

*Id.* at 6.

Fox "contends that Defendants responded in generalities and have not listed the specific material facts that support their contentions, which is required," while the City argues that it has provided a complete response. Dkt. 40 at 6. The Court agrees that the City's responses are sufficient under Rule 33(a)(2) and **DENIES** Fox's Motion to Compel as to Interrogatory No. 12 and Request for Production No. 42. *See TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 13573285, at *2 (S.D. Tex. Apr. 7, 2020) (denying request to compel party to "identify *each* fact" requested in contention interrogatories); *Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *3 (W.D. Tex. July 16, 2014) (ordering plaintiff to "generally explain" the factual basis for its contentions "by identifying the principal or material facts").

### 3. Request for Production No. 38

> Please provide copies of all complaints concerning other AFD employees lodged with AFD management by Xochitl Chafino, [AFD Chief] Christine Jones, Kimberly Chafino, or [AFD Chief] Andre Jordan since January 1, 2019, and documents sufficient to show the disposition of such complaints. For purposes of this request, "complaint" refers to both written complaints and written accounts of oral complaints.

Fox has agreed to rescind this request as to Kimberly Chafino, Xochitl Chafino's spouse, who is not named as a witness. Dkt. 39 at 5; Dkt. 40 at 6. The parties state that there is record testimony the named individuals complained about Fox. Dkt. 40 at 6.

Fox argues that other complaints by these individuals may "shed light on the complainants' credibility" and "their motivations in complaining about Dr. Fox," while the City argues that this information is irrelevant because "they have agreed to provide complaints from any AFD members

concerning office speech." Dkt. 40 at 6-7. The Court finds that this request is a classic fishing expedition and the relevance of the documents sought is easily outweighed by the harm in the form of harassment of the named witnesses. Fox's Motion to Compel is **DENIED** as to Request for Production No. 38.

### IV.    Conclusion

As narrowed by agreement of the parties in their Joint Advisory (Dkt. 40):

- Defendant City of Austin's Opposed Motion for Protection from Plaintiff's Rule 30(b)(6) Deposition Notice (Dkt. 31) is **GRANTED** as to 30(b)(6) Deposition Topic 3 regarding "any adverse employment action" and Topics 4(b), 11, and 12, and **DENIED** as to Topics 7, 8, 9, and 14.
- Plaintiff's Motion to Compel Discovery (Dkt. 34) is **DENIED**.

**SIGNED** on September 16, 2023.

                                                                            _____
                                                                            SUSAN HIGHTOWER
                                                                            UNITED STATES MAGISTRATE JUDGE