IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. ANDREW K FOX, | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN ET AL., | § | A-22-CV-835-DAE |
|     Defendants. | § | |
| | § | |

## **NOTICE**

  This matter having been referred to the undersigned for mediation, a mediation session is hereby scheduled for **January 13, 2026, commencing at 9:00 a.m**. The mediation shall take place in Courtroom Eight at the United States Federal Courthouse located at 501 West Fifth Street, Austin, Texas.

  Along with notifying you of your mediation date, this notice is sent for two purposes: (1) to provide you with information to know what I expect of you in the mediation; and (2) to request information from you so that I can be fully prepared for the mediation. On the first point, all participants should allocate adequate time for the mediation, including being prepared to work through lunch. The mediation will begin in the courtroom with a short introduction by the court. After the introduction, the parties will be placed in separate rooms. The court will not ask the parties to provide an "opening statement" during the introduction. Similarly, the parties need not prepare a PowerPoint, slide deck, or any other elaborate presentation materials to share with the court or opposition.

  However, counsel for the parties are expected to have discussed the prospect of settlement with the appropriate client authority before the mediation. It is further expected that, after such discussions, the parties will, in a good faith attempt at settlement, have made at least one settlement

1

offer and counter-proposal. Thus, prior to the mediation, the parties and/or counsel are directed to exchange proposals for settlement and to discuss their respective positions.

With regard to attendance at the mediation, the lead attorneys who will try the case for the parties must be present. My experience has shown that the lead counsel generally has the best relationship with the client, has the most knowledge about the case, and his or her advice is the most helpful to the client. Further, it is essential to have the parties present, including representatives for the parties who have full settlement authority and the realistic freedom to exercise it without negative consequences. A mediation cannot be effective if we have to confer by telephone with the final decision-makers.

On the second point, in order for me to be fully prepared for the mediation, I would appreciate it if each party would submit a mediation statement. The statement is confidential, and will be reviewed only by me. Consistent with this, please submit the statement directly to my office (by e-mail, to Andrea_Houston@txwd.uscourts.gov). Do not file the statement with the District Clerk's Office, and do not serve them on your opposing counsel or party. Please submit these statements for receipt by my chambers no later than **5:00 p.m. on January 6, 2026**. The statements should contain the following information:

1. A brief summary of the underlying matter, the issues asserted, settlement offers made, and the relief granted as to each asserted issue.
2. A brief summary of the claims or defenses in this case, including a summary of the relief sought.
3. A candid discussion of the strengths and weaknesses of each party's position, including the parties' initial claims in the case and the issues the party intends to move for summary judgment in its favor.
4. A realistic appraisal of the value of the case, including a description of how the value was calculated, including the following:

    a. attorneys' fees and other recoverable expenses in the underlying matter;

    b. attorneys' fees incurred to date and expected prior to trial; and

    c. costs to date.

5. An estimate of the costs that would be incurred in taking the case to trial and through appeal.

6. A discussion of the factors that are affecting or could affect the settlement of the case. This may be limited solely to economic factors (that is, getting the most money possible or paying the least possible). It could also include, however, other factors, such as fear of setting an adverse precedent, wishing to get the dispute over with, a desire to preserve a business relationship, a desire to obtain a "pound of flesh," etc.

7. A summary of the settlement discussions to date, including the last offers/demands made by each party.

8. A statement of any significant disputes of fact or law that could affect the mediation.

9. A description of any special circumstances that could affect the settlement of the case and a discussion of any other issues you think I should be aware of prior to the mediation.

10. A list of the counsel, parties and/or party representatives who will be attending the mediation. **Please include the name and cell phone number of the lead attorney that will attend the mediation**.

SIGNED December 9, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE